IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JORGE A. NUÑEZ,
ALIEN # A24-455-910,

      Petitioner,

vs.                           Case No. 4:11cv141-WS/WCS

IMMIGRATION AND CUSTOM
ENFORCEMENT (ICE),

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 in this Court on April 7, 2011. Doc. 1. Petitioner paid the filing fee on April 25, 2011. Doc. 4. The petition has now been reviewed.

Petitioner is currently incarcerated at the Everglades Correctional Institution in Miami, Florida. Doc. 1. Petitioner seeks an order which will "set aside the I.C.E. detainer" lodged against him, and states that because there is no agreement between the United States and the Republic of Cuba, he cannot be removed. *Id.*, at 3-4.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or

detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  The simple and consistently applied rule in these cases is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.

In this case, Petitioner was not within the Northern District of Florida when this case was initiated.  Therefore, this action should be transferred to the Southern District of Florida where Petitioner is housed for further proceedings on this § 2241 petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by Petitioner Jorge A. Nuñez, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 89(c) for all further proceedings as this Court lacks jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2011.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

Case No. 4:11cv141-WS/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:11cv141-WS/WCS